FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 APR 20 A II: 36

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

  Plaintiff,

vs.             CIVIL ACTION NO.: CV507-031

JAMES L. HARDEN, LLC,

  Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the McIntosh County Jail in Darien, Georgia, filed a complaint pursuant to 42 U.S.C. §1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); <u>Walker v. Dugger</u>, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff makes various allegations of malpractice against Defendant Hardin, the attorney who represented him following his August 10, 2006 arrest. Plaintiff contends that Defendant's actions constitute fraud, perjury, denial of access to the courts, and violation of his Sixth Amendment rights.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001). A plaintiff's allegations against criminal defense counsel, whether court-appointed or privately retained, fail to state a claim under §1983 because such counsel does not act under color of state law. See <u>O'Brien v. Colbath</u>, 465 F.2d 358, 359 (5th Cir. 1972) (stating

that §1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys").[1]

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Plaintiff has not shown that Defendant acted under color of state law, and therefore, Plaintiff cannot sustain a §1983 claim. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED and RECOMMENDED**, this 20th day of April, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals rendered prior to October 1, 1981. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).